James Guglietti ⎫
vs. ⎬ No. 64278
United Electric Railways ⎪
Company ⎭
RESCRIPT
January 18, 1927

BAKER, J. Heard on defendant's motion for a new trial after the jury returned a verdict of $295 for the plaintiff.

The principal ground upon which the defendant is pressing its motion is that said verdict is against the weight of the evidence.

In this case the plaintiff is seeking to recover damages because of the expenses he incurred by reason of injuries to his wife Angelina Guglietti and his minor son Lawrence Guglietti, and for loss of the services of his said wife by reason of the accident in question.

The facts in the case show that the plaintiff's wife and minor son, who was a babe in arms, were being driven in an automobile along Vinton Street and across Broadway in the City of Providence, and while said automobile was crossing Broadway, it was struck by an electric car of the defendant company, said collision causing the injuries in question to the plaintiff's wife and son. The plaintiff was not present at the time or place of the accident. The automobile was operated by one Villari. The testimony shows that the plaintiff's wife and son, who was being held by her, were in the back seat of the automobile in question and in no way took any part in the operating of said machine. In other wards, they were merely riding as passengers and it is plain that the question of their negligence is not involved in this proceeding. They were clearly in the exercise of due care.

The chief point raised by the defendant is that the weight of the testimony shows that defendant's agent operating the electric car which collided with the automobile was not guilty of any negligence. The defendant contends that the automobile in question was driven out of Vinton Street at a fairly high rate of speed and onto the car tracks in the middle of Broadway immediately in front of the defendant's car, which was proceeding in bound from Olneyville Square. The defendant urges that the motorman did everything he could to stop the car and that both vehicles were in motion at the time of the collision.

The plaintiff, on the other hand, argues that the weight of the evidence shows that when the automobile was driven out of Vinton Street at a moderate rate of speed, the defendant's car was several hundred feet up Broadway in the direction of Olneyville; that it became necessary for the said automobile to stop in Broadway partly on the inbound car track because of the fact that an outbound car on the other track was standing near the corner of Vinton Street and that another automobile was passing said car between the car and the sidewalk, and that while the automobile in which were the plaintiff's wife and child was standing on the tracks of the defendant company in Broadway, waiting for an opportunity to cross Broadway, the defendant's car came down Broadway toward the center of the City of Providence and ran into the automobile, which was in full sight of the person operating the electric car, and that the accident occurred solely through the negligence of said operator.

The parties to this proceeding presented testimony which was most contradictory and conflicting. Several of the witnesses on both sides were disinterested. The case, in the judgment of the Court, was clearly, on the evidence presented, one for the jury to decide. In reaching its conclusion it undoubtedly became necessary for the jury to pass upon the credibility of the various witnesses offered. The determination of the case depended in a large measure on this point.

The defendant attacked strongly the story of the happenings as given by the witness Villari, and in particular presented a statement signed by him in which he said in substance that he did not see or hear the inbound car before it hit the automobile. Mr. Villari said that he made no such statement to the defendant's investigator and that the statement he did sign was on the day following the accident when he was himself suffering from injury and at a time when his wife was extremely ill. This question relating to the inconsistency of his testimony as given on the stand and his written statement was fully presented to the jury and doubtless considered by them in weighing the credibility of the witness and in arriving at the verdict. It presented a question particularly within the province of the jury to pass upon.

After considering the entire evidence in the case with care, the Court finds that the verdict of the jury is supported on the whole by a fair preponderance of the evidence.

The defendant in some of its testimony raises a slight question as to whether the plaintiff's son was actually thrown out of the automobile. Whether he was or not, there can be no question but that he was quite severely injured and required considerable medical attention for which the plaintiff is seeking to recover. The amount of the verdict rendered by the jury is most reasonable and well within the limit possible in view of the testimony in the case.

Defendant's motion for a new trial is denied.

For plaintiff: Joseph H. Coen.

For defendant: Clifford Whipple and Earle A. Sweeney.